**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amber Lara, et. al., | No. CV-11-00869-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Delta Career Education Corporation, et. al., | |
| Defendants. | |

The court has before it plaintiffs' motion to remand for lack of jurisdiction (doc. 14), defendants' response (doc. 15), and plaintiffs' reply (doc. 17). We also have before us defendants' motion to compel arbitration and dismiss the case or motion to stay (doc. 16), and the parties' stipulation to extend deadline to provide initial disclosures (doc. 20).

Plaintiffs filed this action on March 1, 2010 in the Superior Court of Arizona in Maricopa County alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud, negligent misrepresentation, and negligence. Defendants removed the action here on April 29, 2011 on the basis of diversity jurisdiction. Defendant Delta Career Education Corporation ("Delta") purports to be a citizen of Delaware and Virginia. In the Notice of Removal, defendants claim that all plaintiffs are citizens of Arizona. Plaintiffs, however, filed the instant motion to remand for lack of diversity jurisdiction

because one plaintiff, Mr. Archuleta, is a citizen of Virginia, and thereby destroys diversity jurisdiction.

Defendants may remove a state court action only if it might have been brought here originally. 28 U.S.C. § 1441(a). We strictly construe the removal statute and reject jurisdiction if there is any doubt as to whether removal is proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The party seeking removal bears the burden of proof. Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006).

Plaintiffs move to remand because plaintiff Archuleta and defendant Delta Corporation are both citizens of Virginia. Defendants respond by asking us to sever Mr. Archuleta's claims and retain jurisdiction over the other parties' claims. Defendants assert that we may dismiss Mr. Archuleta pursuant to Rule 21, Fed. R. Civ. P. because he is not a necessary party given that his factual situation differs from the other plaintiffs and he is not indispensible because he seeks separate and distinct monetary relief. Plaintiffs counter that equitable considerations do not support dismissal of Mr. Archuleta. Namely, that dismissing Mr. Archuleta would cause a "repeated lawsuit" in Virginia regarding substantially similar claims and that Mr. Archuleta would suffer prejudice by having to bear the costs of bringing a separate lawsuit and finding new counsel.

Rule 21, Fed. R. Civ. P. authorizes the court to "at any time, on just terms, add or drop a party." It also affords us the discretionary power to perfect diversity jurisdiction by dropping a nondiverse party, provided that the nondiverse party is not indispensible to the action under Rule 19, Fed. R. Civ. P. Sams v. Beech Aircraft Corp., 625 F.2d 273, 277-78 (9th Cir. 1980).

There is no good reason to drop Mr. Archuleta. First, jurisdiction is determined at the time of removal. Strotek Corp. v. Air Transport Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). At the time of removal, Mr. Archuleta was a party and diversity did not exist. Second, Mr. Archuleta is a required party because he claims an interest relating to the subject of the action and dismissing him would "as a practical matter impair or impede the person's ability to protect [his] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Dismissing Mr. Archuleta

would impair his ability to bring his claims because he would have to institute a separate action in Virginia, secure alternate counsel, and proceed in a case substantially similar to this one. The balance of equitable considerations weighs in favor of not dismissing Mr. Archuleta. Accordingly, because both plaintiff Archuleta and defendant Delta are citizens of Virginia, there is no diversity jurisdiction.

It is **THEREFORE ORDERED GRANTING** plaintiffs' motion to remand (doc. 14). It is **FURTHER ORDERED REMANDING** *Lara v. Delta Career Education Corp.*, No. CV-11-00869-PHX-FJM to the Superior Court of Arizona in Maricopa County. The motion to compel arbitration (doc. 16), and stipulation to extend deadline to provide initial disclosures (doc. 20) are **DENIED as MOOT**.

DATED this 8th day of July, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge